JS-6

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC THOMPSON,<br><br>             Plaintiff,<br><br>        v.<br><br>RIVERSIDE COMMUNITY COLLEGE DISTRICT, *et al.*<br><br>             Defendants. | Case No. 5:23-cv-00138-SSS-SHKx<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT [DKT. 14]** |

Before the Court is Defendants Riverside Community College District ("RCCD"), Moreno Valley College ("MVC"), and Robin Steinbeck (collectively, the "Defendants") Motion to Dismiss ("Motion") Plaintiff Eric Thompson's Complaint. [Dkt. 14]. The Motion is fully briefed and ripe for consideration. For the following reasons, the Defendants' Motion is GRANTED.

## I. BACKGROUND

### A. Factual History

In 2005, Thompson began working at MVC as an Associate Professor of Sociology. [Dkt. 1 at 8, ¶17]. In 2009, Thompson became a tenured professor. [Dkt. 1 at 8, ¶17]. In 2014, Thompson began lecturing on "the origin of same-sex attraction" and showed a film called, *Understanding Same-Sex Attraction*. [Dkt. 1 at 3, lines 1–2]. Various "Diversity and LGBT clubs" on campus disapproved of the film. [Dkt. 1 at 4, ¶5]. President Sandra Mayo met with Thompson to discuss the issue and Thompson agreed not to show the film in class. [Dkt. 1 at 4, ¶5].

In 2015, Thompson held a discussion about *Obergefell v. Hodges* in his Sociology 1 class. [Dkt. 1 at 5, ¶6]. During the discussion, one student became upset and left the class crying. [Dkt. 1 at 5, ¶6]. The student complained and the college then began investigation into the incident. [Dkt. 1 at 6, ¶8]. On June 28, 2017, MVC began the process of terminating Thompson. [Dkt. 1 at 11–19]. On October 17, 2017, Thompson was terminated. [Dkt. 1 at 19, ¶25].

### B. Procedural History

Following Thompson's termination, he immediately filed an objection, and arbitration proceeded in May of 2018. [Dkt. 1 at 19, ¶26]. The arbitration proceedings dealt with the following issues:

> (1) Did [MVC] establish cause to dismiss or penalize Thompson, by a preponderance of the evidence, on *any one* of the causes for discipline listed below under the Education code[?]
>
> (2) If [MVC] established cause, the arbitrator shall determine whether Thompson will be dismissed, the precise penalty to be imposed, and whether the decision should be imposed immediately or postponed pursuant to Section 87672[?]

[Dkt. 14 at 24]. In the arbitration opinion, the arbitrator evaluated Thompson's arguments regarding freedom of speech and academic freedom. *See, e.g.*, [Dkt. 14 at 52–54]. Ultimately, the arbitration opinion concluded that a 90-day suspension was more appropriate than termination. [Dkt. 1 at 20, ¶28]; [Dkt. 14 at 77]. On November 26, 2018, RCCD filed a Writ of Mandamus in state court where the findings in arbitration were upheld. [Dkt. 1 at 20, ¶ 29]. RCCD then appealed the findings to the California Court of Appeals. [Dkt. 1 at 20, ¶ 30]. On October 15, 2021, the California Court of Appeals ruled in favor of RCCD, finding that its initial termination of Thompson was proper. [Dkt. 1 at 20, ¶ 30]; [Dkt. 14 at 80–109].

## II. LEGAL STANDARD

Motions to dismiss under Federal Rule of Civil Procedure 12(b)(6) test the legal sufficiency of the claims asserted in a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Subject to Rule 12(b)(6), the Court reviews the complaint for facial plausibility. *See Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). To state a plausible claim for relief, the complaint "must contain sufficient allegations of underlying facts" to support its legal

conclusions. *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact) . . . " *Twombly*, 550 U.S. at 555 (citations and footnote omitted).

In ruling on a Rule 12(b)(6) motion, "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Am. Family Ass'n v. City & County of San Francisco*, 277 F.3d 1114, 1120 (9th Cir. 2002). Although a complaint attacked by a Rule 12(b)(6) motion "does not need detailed factual allegations," a plaintiff must provide "more than labels and conclusions." *Twombly*, 550 U.S. at 555. Accordingly, to survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," which means that a plaintiff must plead sufficient factual content to "allow[] the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted).

If a complaint fails to state a plausible claim, "'[a] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 484, 497 (9th Cir. 1995)); *see also Gardner v. Marino*, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion denying leave to amend when amendment would be futile).

### III. DISCUSSION

Defendants argue Thompson's Complaint should be dismissed because: (1) his claims are barred by the Eleventh Amendment, (2) his claims are precluded by the administrative appeal conducted after Thompson's termination,

and (3) Thompson's claims are time-barred. [Dkt. 14 at 8–15]. Thompson argues dismissal should be denied because: (1) he sufficiently pled a violation of his right to free speech, (2) his claims are not precluded by "his mandatory participation" in arbitration, and (3) he "can plead claims to which the doctrine of equitable tolling prevents from being time barred." [Dkt. 15 at 4–7]. For the following reasons, the Court agrees with the Defendants. Further, the Court grants Defendants' request to judicially notice the Arbitration Opinion and Award and California Court of Appeal's opinion.[1]

      The preclusive effect of arbitration in federal court is governed by state law. 28 U.S.C. § 1738. Under California law, an arbitration award is a binding judicial decision once it is confirmed by a state court. Cal. Civ. P. Code § 1287.4. Moreover, under 28 U.S.C. § 1738, state court judgments are given preclusive effect in federal court. Accordingly, an arbitration award that has been reviewed by state court is binding in federal court. *See Caldeira v. County of Kauai*, 866 F.2d 1175, 1177 (9th Cir. 1989) (holding that because plaintiff's arbitration award was confirmed by the state court of appeals, the arbitration award was binding on the federal courts); *see also Wade v. Ports Am. Mgmt. Corp.*, 160 Cal.Rptr.3d 482, 485 (Cal. Ct. App. 2013) (holding that arbitration is a binding judicial decision and therefore the appellant was barred from seeking subsequent legal relief).

      Under California law, "[i]ssue preclusion prohibits the relitigation of issues argued and decided in a previous case, even if the second suit raises different causes of action." *Hardwick v. Cnty. of Orange*, 980 F.3d 733, 740

---

[1] The Court "may take judicial notice of court filings and other matters of public record." *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006). The Court may further take judicial notice of documents not attached to the Complaint where "no party questions their authenticity and the complaint relies on those documents." *Harris v. County of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012).

(9th Cir. 2020). Collateral estoppel applies: "(1) after final adjudication (2) of an identical issue (3) actually litigated and necessarily decided in the first suit and (4) asserted against one who was a party in the first suit or one in privity with that party." *Id*.

Here, the Court finds that the doctrine of collateral estoppel precludes Thompson from bringing the present action. First, the California Appellate Court's ruling reversing the arbitration opinion constitutes a final judgment. *See Caldeira*, 866 F.2d at 1177. Second, the issues litigated in the arbitration proceeding, as well, as the in the state court proceedings are identical. In this action, as well as in the arbitration and state court proceedings, Thompson contends that his termination was in violation of his freedom of speech and therefore improper. *See* [Dkt. 14 at 52–54]; [Dkt. 14 at 96–97] ("Thompson argued that his right to academic freedom and First Amendment rights were being infringed."); [Dkt. 14 at 116–117]. Third, the arbitrator and the state court judge reviewed and decided the issue. [Dkt. 14 at 52–54]; [Dkt. 14 at 116–117]. As these are the same parties that were engaged in the arbitration and state court proceedings and the collateral estoppel elements are met, Thompson's claim is precluded. *Hardwick*, 980 F.3d at 740. Because Thompson is collaterally estopped from bringing his claim, the Court need not address the remainder of the Defendants' arguments.

## IV. CONCLUSION

Accordingly, Defendants' Motion [Dkt. 14] is **GRANTED** and Thompson's Complaint is **DISMISSED WITH PREJUDICE.**

**IT IS SO ORDERED**.

Dated: July 25, 2023

SUNSHINE S. SYKES
United States District Judge